UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN M. JACOBS,

        Plaintiff,

        v.                              Case No. 20-cv-409-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, not married, and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The only income listed by the plaintiff is $196 per month in federal food stamps, id. at 2, and his only monthly expenses are $196 in other household expenses, id. at 2-3. The plaintiff does not own his home,

he owns a 2002 Chrysler Concord worth approximately $1,200, he owns no other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with my girlfriend. She owns the home we live in. She pays for all expenses for the home. She is unemployed but receives Social Security benefits (disability) + private disability benefits." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits because the Commissioner determined that he was not disabled, dkt. no. 1 at 1, but that the plaintiff suffers from the disabling conditions of clinical obesity, left knee disorder, degenerative joint disease of the right shoulder, status post right shoulder surgery, chronic obstructive pulmonary disease and obstructive sleep apnea, id. at 2. The complaint states that the Administrative Law Judge determined that the plaintiff did not have an impairment or combination of

2

impairments that met or equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; that the ALJ found the plaintiff had the residual functional capacity to perform sedentary exertional work as defined in 20 CFR §§404.1567(a) and 416.967(a), with some restrictions; and that given such residual functional capacity and considering the plaintiff's age, education and work experience, there are jobs existing in the national economy that the plaintiff could perform. Id. at 2-3. The complaint alleges that the ALJ's determination is not supported by the substantial evidence provisions of the Social Security Administration regulations, is contrary to law, and is based upon an abuse of discretion. Id. at 3. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 18th day of March, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**